FILED
CLERK, U.S. DISTRICT COURT
11/20/20
CENTRAL DISTRICT OF CALIFORNIA
BY: DM DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BONIFACIO JASTILANA MARINAS,<br>Defendant. | CR No. 2:20-cr-00587-FMO<br>I N F O R M A T I O N<br>[18 U.S.C. § 1341: Mail Fraud] |

The United States Attorney charges:

[18 U.S.C. §§ 1341, 2(b)]

A. INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1. Defendant BONIFACIO JASTILANA MARINAS was a resident of San Dimas, California, within the Central District of California.

2. California’s Employment Development Department (“EDD”) was the administrator of the unemployment insurance (“UI”) benefits program for the State of California.

3. On March 13, 2020, the President of the United States declared COVID-19 an emergency under the Robert T. Stafford Disaster

Relief and Emergency Assistance Act. As a result, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which the President signed into law on March 27, 2020. The CARES Act provided over $2 trillion in economic relief protections to the American people from the public health and economic impacts of COVID-19.

4. Prior to the enactment of the CARES Act, to be eligible for UI benefits administered by EDD, a person had to have been employed and worked in California and received at least a certain amount of wages from an employer in the 18 months preceding his/her UI benefits claim. Because of this requirement, self-employed workers, independent contractors, and employees with insufficient earnings were not eligible to receive regular UI benefits.

5. The CARES Act established a new program –- Pandemic Unemployment Assistance ("PUA") -- to provide unemployment benefits during the COVID-19 pandemic to people who did not qualify for regular UI benefits, including business owners, self-employed workers, independent contractors, and those with a limited work history, who were out of business or had significantly reduced their services as a direct result of the pandemic. UI benefits provided under the PUA program were sometimes referred to as PUA benefits.

6. Under the PUA provisions of the CARES Act, a person who was a business owner, self-employed worker, independent contractor, or gig worker could qualify for PUA benefits administered by EDD if he/she previously performed such work in California and was unemployed, partially unemployed, unable to work, or unavailable to work due to a COVID-19-related reason.

7. Persons applying for PUA benefits did not need to submit any supporting documents to EDD with their applications. Claimants entered their total income for the 2019 calendar year on the application. The stated income was used to pay the minimum benefits of $167 per week. EDD could request documentation to provide proof of the stated income.

8. A PUA claimant was required to answer various questions to establish his/her eligibility for PUA benefits. The claimant was required to provide his/her name, Social Security Number, and mailing address. The claimant was also required to identify a qualifying occupational status and COVID-19 related reason for being out of work.

9. After it accepted a UI benefits claim, including a claim submitted pursuant to the PUA program, EDD typically deposited UI funds every two weeks to an Electronic Bill Payment ("EBP") debit card administered by Bank of America ("BofA"), which the claimant could use to pay for his/her expenses. The EBP debit card was mailed via the United States Postal Service to the claimant at the address the claimant provided on his/her UI benefits application.

B. THE SCHEME TO DEFRAUD

10. Beginning no later than April 2020 and continuing through at least August 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant MARINAS knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud EDD and the United States Treasury as to material matters, and to obtain money and property from EDD and the United States Treasury, namely, UI benefits, including PUA benefits,

by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

11. The fraudulent scheme operated, in substance, as follows:

a. Defendant MARINAS filed and caused to be filed with EDD fraudulent applications for UI benefits that falsely stated and represented that the named claimants were self-employed real estate agents who had been negatively affected by the COVID-19 pandemic, thereby triggering eligibility for UI benefits under the PUA provision of the CARES Act.

b. Defendant MARINAS would falsely state and represent, and cause to be falsely stated and represented, on the UI benefits applications that were submitted to EDD, that the named claimants resided and worked as real estate agents in Los Angeles County, within the Central District of California.

c. To the contrary, and as defendant MARINAS then knew, many of the persons named as claimants on the applications defendant MARINAS filed and caused to be filed had no residential history in Los Angeles County or, indeed, anywhere in the State of California, but rather resided in Saipan or the Philippines; had no employment history in Los Angeles County or anywhere in the State of California; and were not registered with California as real estate agents.

d. By falsely stating that the named claimants had worked in the State of California, defendant MARINAS falsely represented and caused to be falsely represented that the named claimants were eligible for UI benefits administered by EDD when, as defendant MARINAS then knew, they were not eligible for such benefits.

e. As a result of the fraudulent UI benefits applications that defendant MARINAS filed and caused to be filed, EDD authorized BofA to issue EBP cards in the names of the named claimants.

f. To ensure that he received the UI benefits that were paid as a result of the fraudulent applications, defendant MARINAS listed and caused to be listed on the applications for the UI benefits his home address as the address for each of the named claimants. Defendant MARINAS knew that, by doing so, defendant MARINAS would cause BofA to mail the EBP debit cards issued to the named claimants to defendant MARINAS's home address, thereby enabling defendant MARINAS to take possession of the EBP debit cards.

g. After defendant MARINAS received the EBP cards issued as a result of the fraudulent UI benefits applications that he submitted and caused to be submitted to EDD, defendant MARINAS took possession of the UI benefits loaded onto the debit cards by, among other methods, using the debit cards and causing the debit cards to be used to make cash withdrawals at Automated Teller Machines.

12. Through this scheme, defendant MARINAS caused at least approximately 85 fraudulent applications for PUA benefits to be filed with EDD resulting in losses to EDD and the United States Treasury of at least approximately $516,244.

///

///

///

C. USE OF THE MAILS

13. On or about May 18, 2020, within the Central District of California and elsewhere, defendant MARINAS, for the purpose of executing and attempting to execute the above-described scheme to defraud, willfully caused an envelope containing an EBP debit card for an account in the name of J.R.T. to be to be sent and delivered by the United States Postal Service, according to the directions thereon, namely, from BofA to defendant MARINAS's home address in San Dimas, California.

NICOLA T. HANNA
United States Attorney

Scott M. Garringer
Deputy Chief, Criminal Division For:

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section